Larry N. WHITE, Appellant,

v.

**UNITED STATES PROBATION OFFICE, et al., Appellees.**

No. 97–5353.

United States Court of Appeals, District of Columbia Circuit.

July 28, 1998.

Larry N. White, pro se.

Wilma A. Lewis, United States Attorney, R. Craig Lawrence, Assistant United States Attorney, and Stephen R. Martin II, Special Assistant United States Attorney, were on the motion for summary affirmance for the appellees.

Before: WILLIAMS, GINSBURG, and RANDOLPH, Circuit Judges.

Opinion for the Court filed PER CURIAM.

ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

The main question presented by this appeal is whether a claim for damages under the Privacy Act, 5 U.S.C. § 552(a), can be brought by a federal prisoner in order collaterally to attack his sentence. We hold that such a claim is not cognizable under the Privacy Act unless the sentence has been invalidated in a prior proceeding.

After Larry N. White was convicted of conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846, he brought this action under the Privacy Act claiming that the Federal Bureau of Prisons (BOP), the U.S. Parole Commission, and certain individuals refused to correct inaccurate state-ments in his presentence report regarding the applicable law under which he was sentenced. White claims that as a result of this inaccuracy, he is ineligible for parole and is required to serve more time in prison than he would have if he had been sentenced under the appropriate law. He seeks damages and an order directing the BOP to amend its records. In dismissing the action, the district court noted that White previously challenged his sentence on direct appeal, *see U.S. v. Walton*, 908 F.2d 1289 (6th Cir.1990), and in motions to vacate his sentence pursuant to 28 U.S.C. § 2255, and stated that it was "unaware of any authority that would sanction plaintiff's use of the Privacy Act to attack collaterally the actions of the sentencing court."

■ The Privacy Act permits a suit for damages if an agency's violation of § 552a(e)(5) results in a determination adverse to the individual. *See* 5 U.S.C. §§ 552a(g)(1)(C), (g)(4). The Act also gives an individual the right to request amendment of his records. 5 U.S.C. § 552a(d). Under regulations, however, presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act. *See* 28 C.F.R. §§ 16.51(c), 16.97(a); *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 n. 2 (D.C.Cir.1996). Accordingly, White is barred from seeking amendment of his presentence report.

Nor is White entitled to money damages for the alleged "inaccuracies" in calculating his sentence. He does not allege that there are inaccurate factual statements in the presentence report, *see Deters*, 85 F.3d at 660; *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309–10 (D.C.Cir.1992); rather he essentially contests that portion of the report consisting of legal conclusions that aided the sentencing court in computing the length of his sentence. As a result, his complaint must be viewed as a challenge to the duration of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

■ In *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a claim

for damages under 42 U.S.C. § 1983 that challenges the fact or duration of a prisoner's conviction or confinement is not cognizable unless that conviction or confinement has been invalidated in a separate proceeding. A plaintiff who seeks to recover damages for allegedly unconstitutional confinement (or any other harm caused by actions the unlawfulness of which would render his sentence invalid) must prove that the sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* The rationale of *Heck* has been applied to damage claims against federal officials in actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), *see Williams v. Hill,* 74 F.3d 1339, 1340 (D.C.Cir.1996), and to a claim for damages brought by a state prisoner challenging the validity of disciplinary proceedings used to deprive him of good-time credits, thereby delaying his release, *see Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 1588–89, 137 L.Ed.2d 906 (1997).

■ We conclude that White's suit, which seeks damages in conjunction with a challenge to the length of his confinement, is governed by *Preiser* and *Heck.* Because a judgment in favor of White on his challenge to the legal conclusions in his presentence report would necessarily imply the invalidity of his sentence, which has not been invalidated in a prior proceeding, his complaint for damages under the Privacy Act must be dismissed. Accordingly, the motion for summary affirmance is

*Granted.*