**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas E. BLACKSHEAR,**
**Defendant–Appellant.**

No. 01–3067.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002.

Decided April 19, 2002.

Before POSNER, EASTERBROOK, RIPPLE, Circuit Judges.

### ORDER

Thomas Blackshear pleaded guilty to possessing firearms despite his prior felony convictions, 18 U.S.C. § 922(g)(1), and possessing cocaine base with intent to distribute, 21 U.S.C. § 841(a)(1). As part of a plea agreement, the government dismissed a third charge for possessing a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1). Mr. Blackshear was sentenced to 120 months' imprisonment on the gun conviction and a 216–month concurrent term on the drug count. Despite an express waiver of his right to appeal issues that "might have been available" had he gone to trial, as well as any sentence within the statutory maximum, Mr. Blackshear filed a notice of appeal. Unable to identify any non frivolous issues, his lawyer now moves to withdraw. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Mr. Blackshear responded to the motion under Circuit Rule 51(b), identifying several potential issues related to his drug conviction. Counsel's brief is facially adequate, so we limit our review of the record to the issues identified by counsel and Mr. Blackshear. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996).

Counsel first considers whether Mr. Blackshear might argue that his guilty pleas were not knowing and voluntary. Mr. Blackshear did not try to withdraw his guilty pleas, so we would review the colloquy made under Federal Rule of Criminal Procedure 11 for plain error. *See United States v. Vonn,* —— U.S. ——, 122 S.Ct. 1043, 1054, 152 L.Ed.2d 90 (2002). Here the record reveals that the district court advised Mr. Blackshear of the nature of the charges, the possible penalties, and the rights he would waive by pleading guilty. The judge also questioned Mr. Blackshear to ensure that no one forced him to plead guilty. Mr. Blackshear initially responded that he felt "mentally forced" into pleading guilty because marital problems made his wife unwilling to aid his defense. But after further questioning Mr. Blackshear conceded that his wife did not force him to sign the agreement, that he discussed with counsel the ramifications of her reluctance to assist his defense, and that no one was coercing him to plead guilty. The district court then elicited from the government a factual basis for the pleas (which Mr. Blackshear already had stipulated to in the written plea agreement), and under oath Mr. Blackshear agreed to the accuracy of those facts, including the drug type and quantity. The district court failed to inform Mr. Blackshear that his answers during the plea colloquy could be used against him in a perjury prosecution, but this error would be harmless absent a current or prospective perjury prosecution. *United States v. Graves,* 98 F.3d 258, 259 (7th Cir.1996). We therefore agree with counsel that an appeal based upon the voluntariness of Mr. Blackshear's guilty pleas would be frivolous.

Counsel next considers whether Mr. Blackshear could challenge his sentences. But Mr. Blackshear waived his right to appeal any sentence within the

statutory maximum, as his were. Appeal waivers will be upheld if the defendant voluntarily agreed to the waiver, *United States v. Hare,* 269 F.3d 859, 860 (7th Cir.2001), and here challenging the voluntariness of Mr. Blackshear's waiver would be frivolous.

■ The appeal waiver would also render frivolous virtually all of the points Mr. Blackshear advances in his Rule 51(b) response. In that response Mr. Blackshear does allude to the possibility that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), purported omissions in his indictment deprived the district court of "jurisdiction" over the drug count, and theoretically this potential argument might survive the waiver. *See United States v. Vega,* 241 F.3d 910, 912 (7th Cir.2001) (per curiam). But we have held that under *Apprendi* omissions in an indictment do not deprive the district court of jurisdiction, *United States v. Bjorkman,* 270 F.3d 482, 490–91 (7th Cir.2001) (per curiam), so this potential argument would be frivolous whether or not the waiver forecloses it altogether. And any *Apprendi* argument relating to the indictment would be factually frivolous as well because the drug count in the indictment explicitly alleges that Mr. Blackshear possessed "approximately 5.3 grams of mixtures containing cocaine base."

The motion to withdraw is GRANTED, and the appeal is DISMISSED.