Laurier DOYON Plaintiff,

v.

**U.S. DEPARTMENT OF JUSTICE, et al., Defendants.**

No. CIV.A. 03–1215(ESH).

United States District Court, District of Columbia.

Feb. 20, 2004.

---

Laurier Doyon, Beaumont, TX, for Pro se.

William Rakestraw Cowden, U.S. Attorney's Office, Washington, DC, for Defendants.

### MEMORANDUM OPINION

HUVELLE, District Judge.

This matter is before the Court on defendants' motion to dismiss.[1] Having considered defendants' motion, plaintiff's response, and the entire record of this case, the Court will grant the motion.

### BACKGROUND

Plaintiff, a federal prisoner, brings this action against the United States Department of Justice, Federal Bureau of Prisons ("BOP"), under the Privacy Act, 5 U.S.C. § 552a. He alleges that information provided in his presentence investigation report is incorrect. First, he contends that he was assessed 3 points for a drug conviction although the applicable Program Statement authorizes the assessment of only 1 point. Compl. at 3. Second, he contends that he was assessed points for probation violation charges for which he was not convicted.[2] *Id.* at 3–4. Third, he contends that BOP failed to verify information pertaining to past probation violations. *Id.* at 4. BOP's reliance on this incorrect information, plaintiff claims, has resulted in adverse determinations regarding his custody classification, his transfer to a less secure facility, and his eligibility for institutional programs. *Id.* at 1. He demands amendment of the incorrect records and an award of monetary damages. *Id.* at 5.

### DISCUSSION

**I. Amendment of the records is not an available remedy.**

■ An agency may promulgate regulations to exempt any system of records

---

1. Also before the Court is plaintiff's motion to file an amended complaint. The motion will be denied. Plaintiff failed to attach an original of the proposed pleading, contrary to Local Civil Rule 15.1. Furthermore, plaintiff's initial complaint adequately sets forth his claims under the Privacy Act; no clarification of the issues is necessary.

2. These charges were the bases for revocation of plaintiff's probation. The escape charge arose from plaintiff's failure to report to his probation officer and failure to notify the officer of his change of address. Compl., Ex. J (Excerpt from presentence investigation report). The history of violence stemmed from plaintiff's threats of violence against his probation officer. *Id.* Plaintiff also tested positive for marijuana use. *Id.*

within the agency from any part of the Privacy Act, except subsections (b), (c)(1) and (2), (e)(4)(A) through (F), (e)(6), (7), (9), (10), and (11), and (i), if the system of records is:

> maintained by an agency or component thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional, probation, pardon, or parole authorities, and which consists of . . . *reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws from arrest or indictment through release from supervision.*

5 U.S.C. § 552a(j)(2) (emphasis added). Pursuant to this authority, the Federal Bureau of Prisons exempted the Inmate Central Record System (JUSTICE/BOP–005) from the Privacy Act. *See* 28 C.F.R. § 16.97(a)(4). Records maintained in BOP's Inmate Central Record System, including inmates' presentence investigation reports, are exempt from the Privacy Act's amendment provisions.[3] *See White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C.Cir.1998) (exemption from Privacy Act amendment provision barred plaintiff from seeking amendment of presentence report); *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C.Cir.1992) (citing *Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 n. 2 (D.C.Cir. 1996)). Plaintiff's claim for amendment of the records is therefore barred. *White*, 148 F.3d at 1125.

## II. Plaintiff fails to state a Privacy Act claim for damages.

■ Pursuant to the Privacy Act, an agency must:

maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). An individual may bring suit against an agency which fails to meet this standard. *See* 5 U.S.C. § 552a(g)(1)(C). In order to recover monetary damages under the Privacy Act, "a plaintiff must assert that an agency failed to maintain accurate records, that it did so intentionally or willfully, and, consequently, that an 'adverse' 'determination [wa]s made' respecting the plaintiff." *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C.Cir.2002) (quoting 5 U.S.C. § 552a(g)(1)(C)). Plaintiff has the burden of proving that the agencies' actions in violating the Privacy Act were intentional or willful. *Albright v. United States*, 732 F.2d 181, 189 (D.C.Cir.1984); 5 U.S.C. 552a(g)(4). To meet his burden, plaintiff "must prove that the offending agency acted 'without grounds for believing [its actions] lawful' or that it 'flagrantly disregarded' the rights guaranteed under the Privacy Act." *Laningham v. United States Navy*, 813 F.2d 1236, 1242 (D.C.Cir.1987) (quoting *Albright v. United States*, 732 F.2d at 189).

■ With respect to the calculation of plaintiff's custody classification level, BOP relied on plaintiff's criminal history as reflected in the presentence investigation report. Compl. at 3–4. Plaintiff does not dispute the truth of his drug conviction; rather, he contends that the conviction merited only a score of 1 point rather than 3 points, such that he should have been housed in a low security facility. *Id.* at 4. His challenge, then, is to BOP's use of the

---

3. Another regulation expressly exempts presentence investigation reports that originated with the courts from the amendment provisions of the Privacy Act. *See* 28 C.F.R. § 16.46(f)(3).

information, not to its accuracy, relevance or completeness. A challenge to the professional judgment of BOP officials in assessing points for purposes of establishing a prisoner's custody classification is not properly mounted by means of a Privacy Act suit. *See Kleiman v. Dep't of Energy,* 956 F.2d 335, 337–38 (D.C.Cir.1992).

■ With respect to plaintiff's history of escape and history of violence, plaintiff claims that the charges at issue (*i.e.,* the probation violations) were dismissed. Compl. at 4. Because he was not convicted of an escape or of a violent offense, he argues that these charges cannot be used in determining his custody classifications. *Id.* This argument is meritless. In making custody classification decisions, BOP may take into account evidence of a prisoner's behavior even if the behavior did not result in a criminal conviction. *See Griffin v. Ashcroft,* No. 02–5399, 2003 WL 22097940 (D.C.Cir. Sept. 3, 2003).

■ Moreover, plaintiff cannot demonstrate an intentional or willful violation of his rights under the Privacy Act. The prior drug conviction and probation violation charges reflected in the presentence investigation report are not clearly wrong, and, therefore, BOP's reliance on this information neither constitutes flagrant disregard of his rights, nor rises to the level of an intentional violation of the Privacy Act. Further, when plaintiff presented his challenge to the accuracy of records pertaining to the probation violation charges, BOP took affirmative steps to verify the information. *See* Compl., Ex. O (October 24, 2001 Memorandum from Unit Manager to plaintiff's Central File).

■ Finally, plaintiff cannot point to any adverse determinations made by BOP. Although the Court assumes without deciding that BOP's decision "to restrict [plaintiff] from a transfer and many Institutional programs" (Compl.¶1) is an adverse determination,[4] plaintiff has been transferred from Ray Brook Institution to the Low Security Correctional Institution in Beaumont, Texas, a less secure facility, to allow him to participate in a Diesel Mechanic Vocational Training Program. *See* Mot. Exs. 1–2. Because the basis of plaintiff's claim for relief was BOP's failure to transfer him and provide him access to programs, that claim has been rendered moot by the transfer. *See Nat'l Black Police Ass'n v. Dist. of Columbia,* 108 F.3d 346, 349 (D.C.Cir.1997) (quoting *County of Los Angeles v. Davis,* 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979)) (a claim is moot if "interim relief or events have completely or irrevocably eradicated the effects of the alleged violation").

## CONCLUSION

The Court concludes that plaintiff is barred from seeking amendment of the presentence report, and that he has failed to state a Privacy Act claim for damages. Accordingly, the Court will grant defendant's motion to dismiss. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

## *DISMISSAL ORDER*

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that defendant's Motion to Dismiss [Dkt. # 12] is **GRANTED,** and it is

---

4. The Court notes, however, that BOP's Director has broad discretion to determine a prisoner's place of confinement, see 18 U.S.C. § 3621(b), and that an inmate has no constitutionally protected interest in the place of his confinement. *See, e.g., Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

**FURTHER ORDERED** that plaintiff's Motion for Leave to File First Amended Complaint [Dkt. # 21] is **DENIED**, and it is

**FURTHER ORDERED** that this civil action is **DISMISSED WITH PREJUDICE**.

This is a final appealable Order. *See* Fed. R.App. P. 4(a).

SO ORDERED.