NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 8, 2011[*]
Decided March 9, 2011

*Before*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-2592

| | |
|---|---|
| THOMAS E. BLACKSHEAR, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | |
| | No. 2:09-cv-338-RLY-WGH |
| CHARLES LOCKETT, Warden, | |
| *Respondent-Appellee.* | Richard L. Young, *Chief Judge.* |

## O R D E R

Thomas Blackshear is a federal prisoner serving a 216-month term for drug and firearm convictions. He petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2241, seeking to have his presentence report amended to reflect an error in the calculation of his guidelines imprisonment range. The district court denied the petition on the ground that Blackshear was not challenging the fact or duration of his custody. We affirm the judgment.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

After we affirmed Blackshear's convictions and sentence on direct appeal, *United States v. Blackshear*, 40 F. App'x 220, 222 (7th Cir. 2002), he filed a motion for postconviction relief under 28 U.S.C. § 2255, which was denied, *United States v. Blackshear*, No. 03 C 50392, 2004 WL 42366 (N.D. Ill. Jan. 6, 2004). Several years later, in 2008, Blackshear requested a sentence reduction under 18 U.S.C. § 3582(c) based on retroactive amendments to the base offense levels for most crimes involving crack cocaine. The district court denied the motion but, in passing, observed that the probation officer had misapplied the grouping rules, *see* U.S.S.G. §§ 3D1.1-.5, when originally calculating Blackshear's imprisonment range under the sentencing guidelines. The mistake had gone unnoticed at sentencing, but, as the district court noted, it did not affect Blackshear's motion under § 3582(c).

The district court's observation prompted this litigation. In his § 2241 petition, Blackshear requested an order directing the probation office in the Northern District of Illinois to revise his presentence report to correct the grouping error. The Bureau of Prisons has a copy of the report in its file on Blackshear, and he wanted assurance that the "information is not being viewed in the wrong context, as to cause a negative outcome when dealing with the inmate by the BOP." The district court concluded that Blackshear was not entitled to relief because the injury he identified "does not affect the fact or duration of his confinement."

To the extent that this is a genuine proceeding under § 2241, we agree with the district court that the petition is without merit, for Blackshear cannot link the inaccuracies in his presentence report to an injury affecting the fact or length of his sentence. *See Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973); *Mitchell v. U.S. Parole Com'n*, 538 F.3d 948, 952 (8th Cir. 2008); *Montgomery v. Anderson*, 262 F.3d 641, 643-44 (7th Cir. 2001). But it is clear from his submissions to the district court and his brief to this court that Blackshear actually had in mind a claim against the BOP under the Privacy Act, 5 U.S.C. § 552a, for failure to keep accurate inmate files. In *Sellers v. Bureau of Prisons*, 959 F.2d 307, 310 (D.C. Cir. 1992), a decision Blackshear has cited repeatedly, the D.C. Circuit reversed the dismissal of a claim under the Privacy Act and remanded "to determine whether the Bureau of Prisons and the Parole Commission wilfully or intentionally failed to maintain" accurate records for the plaintiff, a prison inmate. In that case, too, the inmate had alleged that a presentence report on file with the BOP contained inaccuracies. *See id*. at 308. Blackshear says he deserves similar relief, but as the BOP explained in response to his grievance, after *Sellers* the agency availed itself of a Privacy Act exemption that frees it from an obligation to keep accurate inmate files. 5 U.S.C. § 552a(j); 28 C.F.R. § 16.97(j); *Skinner v. United States Dept. of Justice and Bureau of Prisons*, 584 F.3d 1093, 1097 (D.C. Cir. 2010); *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006). Accordingly, the damages remedy available to the plaintiff in *Sellers* is no longer applicable. Blackshear, however, seeks an amendment to his presentence report, a remedy different from that sought in *Sellers*, and one that was out of reach even

under the law as it stood when *Sellers* was decided. *See* 28 C.F.R. § 16.85; *Skinner*, 584 F.3d at 1097. Furthermore, even if Blackshear had a claim under the accuracy provisions of the Privacy Act, he would still be out of luck because those provisions are meant for correcting factual and historical errors, not legal conclusions. *See Mueller v. Winter*, 485 F.3d 1191, 1197 (D.C. Cir. 2007); *White v. U.S. Probation office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998). And the district court's application of the grouping rules was a legal, not factual, determination. *See United States v. Liddell*, 543 F.3d 877, 880 (7th Cir. 2008); *United States v. Tolbert*, 306 F.3d 244, 246 (5th Cir. 2002).

AFFIRMED.