**FILED**

SEP - 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Brian Anderson,               )
                              )
         Plaintiff,         )
                              )
         v.                  )   Civil Action No.   **12 1478**
                              )
Federal Bureau of Prisons,  )
                              )
         Defendant.     )

<u>MEMORANDUM OPINION</u>

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a prisoner at the Federal Correctional Institution in Bastrop, Texas, suing under the Privacy Act, 5 U.S.C. § 552a. Plaintiff seeks correction of alleged erroneous information contained in his inmate central file and declaratory relief. *See* Compl. at 1, 3.

Plaintiff's claim fails because BOP has exempted its Inmate Central Record System from the Privacy Act's accuracy and amendment requirements (subsections (d) and (e)(5)). 28 C.F.R. § 16.97(a)(4); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) ("Under regulations . . . presentence reports and BOP inmate records systems are exempt from the amendment provisions of the Act"); *see Martinez v. Bureau of Prisons*, 444

1

F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act[.]") (citations omitted). And "[h]aving exempted its records from the substantive provision regarding the agency's record keeping obligations, BOP effectively deprives litigants of a remedy for any harm caused by the agency's substandard recordkeeping." *Ramirez v. Dep't of Justice*, 594 F. Supp. 2d 58, 65 (D.D.C. 2009), *aff'd*, No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (per curiam); *see Lopez v. Huff*, 508 F. Supp. 2d 71, 77 (D.D.C. 2007) ("To the extent that plaintiff is seeking to have his [presentence investigation report] amended, such relief is not available because the BOP has properly exempted its inmate central files, where such documents are kept, from the [Privacy Act's] amendment requirements.") (citations omitted). The Court cannot award declaratory relief in the absence of a claim. *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge

DATE: August 21, 2012

2