**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Timothy Adams, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 19-1504 (UNA) |
| | ) | |
| | ) | |
| Melissa A. Alexander *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, is a federal prisoner incarcerated at Fort Dix Federal

Correctional Institution in New Jersey. He has filed an application to proceed *in forma pauperis*

and a complaint under the Privacy Act, 5 U.S.C. § 552a. Plaintiff seeks correction of "the

inaccurate descriptions" in his presentence report ("PSR") prepared by the United States

Probation Office in the Middle District of North Carolina. Compl. at 7. For the reasons

explained below, the *in forma pauperis* application will be granted and this case will be

dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's

complaint that fails to state a claim upon which relief can be granted.

Plaintiff has sued Chief U.S. Probation Officer Melissa A. Alexander, Senior U.S.

District Judge Norwood Carlton Tilley, Jr., and the U.S. Bureau of Prisons ("BOP"). The

complaint stems from plaintiff's 1995 conviction in the U.S. District Court for the Middle

District of North Carolina and resulting life sentence. *See USA v. Harvey*, No. 6:94-cr-00302-

NCT-3 (M.D.N.C. Aug. 25, 1995) (Judgment). Plaintiff "requests that this Court issue injunctive

relief" in the form of an order to the judicial defendants to "verify" the alleged inaccurate

1

information in his PSR and "to take notice and to amend" said information "to ensure that future decisions affecting me are not based on discredited information." Compl. at 8. For the reasons explained next, plaintiff states no claim against the defendants.

Regarding Judge Tilley, this Court lacks jurisdiction to compel its sister court to act. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). In addition, a complaint against a federal judge who has "done nothing more than [his] duty" constitutes "a meritless action." *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994).

As for Chief Probation Officer Alexander, the Privacy Act does not apply to federal probation offices (staff included) because they are "administrative units of the United States courts," and federal courts "are not subject to the Privacy Act." *Fuller-Avent v. U.S. Prob. Office*, 226 Fed. App'x 1, 2 (D.C. Cir. 2006) (per curiam) (citations omitted). Therefore, plaintiff has no viable claim against this defendant.

Finally, "the Bureau of Prisons has [properly] exempted its inmate record systems from the . . . accuracy and amendment provisions" of the Privacy Act. *Lane v. Fed. Bureau of Prisons*, 442 Fed. App'x 578 (D.C. Cir. 2011) (per curiam) (citing *Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (per curiam); *White v. United States Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam)). The Privacy Act authorizes the head of an agency to exempt any system of records that is "maintained by an agency or component

thereof which performs as its principal function any activity pertaining to the enforcement of criminal laws, including . . . correctional . . . authorities, and which consists of . . . reports identifiable to an individual compiled at any stage of the process of enforcement of the criminal laws . . . through release from supervision." 5 U.S.C. § 552a(j)(2). Pursuant to this authority, BOP has exempted certain record systems from the Privacy Act, including the Inmate Central Record System, *Stanko v. Fed. Bureau of Prisons*, 842 F. Supp. 2d 132, 140 (D.D.C. 2012), which houses plaintiff's PSR, *Jeter v. Fed. Bureau of Prisons*, 841 F. Supp. 2d 214, 216 (D.D.C. 2012), *aff'd*, No. 12-5285, 2013 WL 1733552 (D.C. Cir. Mar. 22, 2013) (citing 28 C.F.R. § 16.97(a)(4)). Consequently, the Privacy Act "afford[s] inmates and former inmates no cause of action regarding such records." [1] *Harrison v. Fed. Bureau of Prisons*, 248 F. Supp. 3d 172, 181 (D.D.C. 2017) (citing cases)).

For the foregoing reasons, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

_____s/_____
JAMES E. BOASBERG
United States District Judge

Date: June 21, 2019

---

[1] Plaintiff cites *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), for the proposition that as part of maintaining accurate records, BOP has a duty to verify information capable of being verified. Compl. at 5. But "apparently the *Sellers* directive . . . is no longer controlling . . . 'as it was decided before the Bureau of Prisons exempted the relevant system of records from the accuracy provision.' " *Earle v. Holder*, 815 F. Supp. 2d 176, 183 (D.D.C. 2011), *aff'd*, No. 11-5280, 2012 WL 1450574 (D.C. Cir. Apr. 20, 2012) (quoting *Lane*, 2010 WL 288816) (other citation omitted)). In any event, plaintiff alleges that a "BOP Case Manager" indeed "contacted" the Probation Office "by faxing the information" he had provided "but was told" that the probation officer could not make an assessment "without specific direction . . . from the court," Compl. at 7, which would be the sentencing court--not this civil court.