UNITED STATES DISTRICT COURT



**FILED**

**AUG. 24, 2021**

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

ALBERT LEE GREER, SR.,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)　　　　　Civil Action No.  21-2193 (UNA)
　　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　)

## MEMORANDUM OPINION

Plaintiff, a federal prisoner appearing *pro se*, sues the United States under the Privacy Act, 5 U.S.C. § 552a, to compel (1) the U.S. Probation Department in Detroit, Michigan, to correct his presentence investigation report, and (2) the Bureau of Prisons ("BOP") to "remove all references to 'Arson Fires'" from his central inmate file.  Mot. to Correct Erroneous Info. Contained Within Presentence Investigation Report Pursuant to the Provisions of the Privacy Act (5 U.S.C. § 552) ("Complaint") at 2, ECF No. 1.  The Court will grant Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, and dismiss this action under the screening provisions of 28 U.S.C. § 1915A (requiring immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief may be granted).

It is established that "United States Probation Offices are units of the federal courts and therefore are not subject to the Privacy Act."  *Ramirez v. Dep't of Just*., 594 F. Supp. 2d 58, 62 (D.D.C. 2009), *aff'd sub nom. Ramirez v. U.S. Dep't of Just*., No. 10-5016, 2010 WL 4340408 (D.C. Cir. Oct. 19, 2010) (citing cases)).  And although the Privacy Act generally "gives an individual the right to request amendment of his records" maintained by an Executive branch

1

agency, BOP has properly exempted its "inmate records systems," including those containing presentence reports, "from the amendment provisions of the Act." *White v. U.S. Prob. Off.*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) (per curiam) (citing 5 U.S.C. § 552a(d); 28 C.F.R. § 16.97(a) (other citations omitted)). Consequently, Plaintiff "is barred from seeking amendment of his presentence report" via the Privacy Act. *Id.*; *see accord Lane v. Fed. Bureau of Prisons*, 442 F. App'x 578 (D.C. Cir. 2011) (per curiam) ("The Bureau of Prisons has exempted its inmate records systems from the Privacy Act's accuracy and amendment provisions.") (citations omitted)). A separate order of dismissal accompanies this Memorandum Opinion.

_____/s/_____
EMMET G. SULLIVAN

Date: August 24, 2021              United States District Judge