Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 23, 2006          Decided March 31, 2006

No. 04-5343

ROBERT LUIZ MARTINEZ *A/K/A* BERK,
APPELLANT

v.

BUREAU OF PRISONS,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 03cv00735)

*Crystal R. Brown*, Student Counsel, argued the cause as *amicus curiae* in support of appellant. With her on the briefs were *Steven H. Goldblatt,* appointed by the court, and *Lucas R. Moskowitz*, Student Counsel.

Robert L. Martinez, *pro se*, was on the brief for appellant.

*W. Mark Nebeker*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L.*

*Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *R. Craig Lawrence*, Assistant U.S. Attorney, entered an appearance.

Before: GINSBURG, *Chief Judge*, and ROGERS, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*.

Opinion for the Court filed *PER CURIAM*.

*PER CURIAM*: Appellant Robert Luiz Martinez, a federal prisoner assisted by amicus, seeks the correction of three presentence reports ("PSRs") that were prepared by the United States Probation Office ("USPO") and remain in his files maintained by the Federal Bureau of Prisons ("BOP") and the United States Parole Commission ("USPC"). Appellant alleges that during his criminal prosecution in 1983, a federal district court in New York ordered certain information struck from his PSR, and he attaches a relevant excerpt of a court transcript. He also seeks a copy of a PSR in the BOP files, which amicus states appellant would keep in his cell. Appellant further alleges that the PSRs have been used to his detriment by the BOP in making prisoner security and programmatic decisions and by the USPC in determinating his eligibility for parole. In addition, appellant seeks other corrections to his BOP records that refer to events he alleges did not occur as well as copies of certain documents in his New York case and recalculation of drug amounts in the New York case. Appellant seeks relief, including money damages, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and the Due Process Clause of the Fifth Amendment to the Constitution.

The district court dismissed certain defendants named in appellant's *pro se* complaint and construed the complaint to raise claims only under the Privacy Act and FOIA. *See* Order of June 17, 2004. Subsequently, the district court granted the

Government's motion to dismiss the complaint.  *See* Order of August 25, 2004.  Appellant appeals.

**I.**

The Government challenges this court's jurisdiction on two grounds.  Neither ground has merit.

First, the *pro se* notice of appeal does not identify this court as the court in which the appeal is to be filed.  *See* Federal Rule of Appellate Procedure 3(c)(1)(C).   However, appellant's intention to appeal to this court can be inferred.  *See Anderson v. District of Columbia*, 72 F.3d 166, 167-69 (D.C. Cir. 1995). The notice of appeal was filed in the district court for the District of Columbia, whose final orders can be appealed to this court.  *See* 28 U.S.C. § 1291.  In fact, appellant's appeal from the dismissal of his complaint can only be filed in this court. Contrary to the Government's position, the Tucker Act, 28 U.S.C. § 1491 (2005), is inapplicable to appellant's claims. Claims brought under statutes, such as the Privacy Act, 5 U.S.C. § 552a(g)(5), that independently confer jurisdiction upon the district court and waive sovereign immunity for money claims against the United States are not deemed to be "based on" the Tucker Act for the purposes of determining appellate jurisdiction.  *See Van Drasek v. Lehman*, 762 F.2d 1065, 1070-71 (D.C. Cir. 1985); *cf. Sellers v. Bureau of Prisons*, 959 F.2d 307, 311 (D.C. Cir. 1992); *Doe v. United States*, 821 F.2d 694, 699-700 (D.C. Cir. 1987) (en banc).  Neither FOIA nor the Due Process Clause provides a substantive right to compensation from the United States, which would be necessary to support a claim under the Tucker Act.  *See United States v. Mitchell*, 463 U.S. 206, 216-17 (1983); *see also Van Drasek*, 762 F.2d at 1070. Because the Tucker Act does not apply, appellant could not file his appeal in the United States Court of Appeals for the Federal Circuit under 28 U.S.C. § 1295(a)(2).

4

Second, the *pro se* notice of appeal mentioned only the August 25, 2005 Order dismissing the complaint. Nonetheless, under either of two approaches, this court has jurisdiction to review the interlocutory June 17, 2003 Order dismissing all defendants except the BOP and construing the complaint to raise claims under the Privacy Act and FOIA. By appealing from the final appealable order of August 25, 2005 dismissing the complaint, appellant has brought before this court the interlocutory June 17, 2003 Order. *See, e.g.*, *Ciralsky v. CIA*, 355 F.3d 661, 668 (D.C. Cir. 2004). Alternatively, appellant's intention to appeal from both rulings of the district court can be fairly inferred from his notice of appeal and no appellee is prejudiced. *See* 16A WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE, JURISDICTION § 3949.4 (3d ed. 1999). The notice of appeal stated it was "a NOTICE OF APPEAL FOR CIVIL ACTION NO. 03-0735," i.e., a notice of an appeal of the entire case. Although the notice listed only the dismissal order dated August 25, 2004, appellant was proceeding *pro se* and that was the only order designated by the district court as a final appealable order. *See Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 583 (D.C. Cir. 2002); *cf. Warren v. District of Columbia*, 353 F.3d 36, 37-38 (D.C. Cir. 2004); *Kalka v. Hawk*, 215 F.3d 90, 94 n.5 (D.C. Cir. 2000). On appeal, the dismissed parties and the USPC are represented by the United States Attorney, who has presented their arguments and shown no evidence that the dismissed parties would be prejudiced if appellant's challenges to the June 17, 2004 order were addressed by this court. *Cf. Simpkins v. District of Columbia*, 108 F.3d 366, 370 (D.C. Cir. 1997).

*Brookens v. White*, 795 F.2d 178 (D.C. Cir. 1986) (per curiam), on which the Government relies to argue that only the Order of August 25, 2005 is properly before the court, is inapposite. In *Brookens*, the district court had granted summary judgment in two instances, against different parties. *See id.* at

179. Although this court had jurisdiction over both final judgments, the court declined to exercise jurisdiction over one of the final judgments on the prudential ground that parties to that order would be prejudiced. *See id.* at 180 (citing J. MOORE & B. WARD, MOORES'S FEDERAL PRACTICE § 203.18 (2d ed. 1985) (footnotes omitted)); *see also Appeal of District of Columbia Nurses' Ass'n*, 854 F.2d 1448, 1450 (D.C. Cir. 1988). No such prejudice threatens here. The district court dismissed the individuals who were named as defendants in the complaint before the service of process. *See* Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-10, 110 Stat. 1321 (2005); 28 U.S.C. § 1915A(a)-(b), (e)(2). The USPC was not named in the complaint as a defendant. Hence, the individuals and the USPC were never parties in the district court.

The Government also maintains that the individual defendants and the Government itself suffered prejudice by virtue of the fact that they were not afforded the opportunity to argue before the district court that an appeal would not have been taken in good faith. The Government speculates that the district court could have concluded that appellant's appeal, to the extent it included the June 17, 2003 Order, was not taken in good faith and thus would have denied appellant leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(3). The only statutory requirement to proceed *in forma pauperis* is good faith and does not require that the underlying claim be meritorious. *See Ellis v. United States*, 356 U.S. 674, 674 (1958) (per curiam). The district court did not rule that the complaint was frivolous, and on appeal the Government fails to point to any basis for concluding that the district court lacked an adequate opportunity to consider whether the appeal was taken in good faith. *Cf. United States v. Godines*, 433 F.3d 68, 71 (D.C. Cir. 2006) (per curiam).

**II.**

Appellant contends that the district court erred in dismissing all named defendants except the BOP, in construing the complaint to raise claims only under the Privacy Act and FOIA, and in denying relief. For the following reasons, we disagree.

First, the district court properly dismissed the named individual defendants because no cause of action exists that would entitle appellant to relief from them under the Privacy Act or FOIA. *See Deters v. U.S. Parole Comm'n*, 85 F.3d 655, 657 (D.C. Cir. 1996); 5 U.S.C. § 552(a)(4)(B) (authorizing suit against an "agency") 5 U.S.C. § 552a(g)(1) (same); *see also Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). Both statutes concern the obligations of agencies as distinct from individual employees in those agencies.

Second, the district court properly dismissed USPC as a defendant because the allegations in the complaint could not sustain the finding of willfulness necessary to prevail under the Privacy Act. *See Deters*, 85 F.3d at 657. Contrary to appellant's implicit assumption, the excerpt from the transcript attached to his complaint does not show that a court had ordered the USPC to delete data from its records. Hence, he cannot show a violation of a court order, which could establish willfulness. *See id.*

Third, the district court properly dismissed appellant's claims against the BOP. The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5). *See* 28 C.F.R. § 16.97(j). Appellant does not challenge the BOP's authority to exempt its records, and the BOP did not expressly waive the exemption. Even if it had waived the exemption, the record shows that the BOP provided a reasonable explanation for its refusal to correct its records as appellant requested. The BOP contacted the USPC and the USPO and was advised that the BOP's records regarding

appellant were accurate. The excerpt from the transcript attached to his complaint does not show that a court had ordered the BOP to delete certain data from its records.

Fourth, the district court properly dismissed appellant's claims under FOIA. In *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57 (D.C. Cir. 1990), the court held that the National Archives and Records Administration had fulfilled its FOIA obligation when it provided records for Oglesby's review in its public reading room. *See id.* at 70. The court reasoned that an agency "'need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access,'" *Id.* at 70 (quoting *Tax Analysts v. U.S. Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988), *affirmed*, 492 U.S. 136 (1989)). The record shows that appellant was afforded a meaningful opportunity to review his PSRs and to take notes on them. Indeed, he does not dispute this. Hence, FOIA does not entitle him to have copies of his PSRs. Moreover, the BOP Program Statement 1351.05 p.15, *available at* http://www.bop.gov/DataSource/execute/dsPolicyLoc, which sets forth reasons, based on concerns about inmate safety, for prohibiting inmates from keeping copies of their PSRs in their cells and reflects a judgment regarding prison administration that a court would be loath to second-guess. *See Bell v. Wolfish*, 441 U.S. 520, 531 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974).

Finally, the district court did not err in construing the complaint as raising claims only under the Privacy Act and FOIA because the complaint alleges no viable Due Process claims. *See Alicke v. MCI Commc'ns Corp.*, 111 F.3d 909, 912 (D.C. Cir. 1997). Although appellant mentions "due process" three times in his complaint, claiming that due process affords him the right to a hearing, he does not allege that any defendant violated his due process rights by failing to correct the three

PSRs in the manner he requests or by relying on them when making status, programmatic, and penal determinations.

Amicus concedes that appellant's due process claims do not allege violation of a court order but nonetheless maintains that the BOP and the USPC "should be under an obligation to note the nature of [appellant's] challenges to the inaccuracies contained [in his records], similar to the process he would have been entitled to under the Privacy Act." Amicus Br. at 56. Amicus cites no authority for the proposition that the failure to correct the alleged record inaccuracies rises to the level of a due process violation where the BOP has made reasonable inquiries and received confirmation of the accuracy of its records; hence, amicus's reliance on *Doe*, 821 F.2d at 701, is misplaced. The complaint does not show that USPC or its officers had been ordered by a federal district court to correct their records and, thus, appellant cannot rely on violation of a court order as the basis for a due process claim. For similar reasons, amicus's reliance on *Butera v. District of Columbia*, 235 F.3d 637, 651 (D.C. Cir. 2001), is misplaced as appellant alleges no facts that would constitute a substantive due process violation but at most only negligence in record keeping. Additionally, the allegations in the complaint and the attached excerpt from a transcript provide no basis for the award of injunctive relief under *Bell v. Hood*, 327 U.S. 678, 684 (1946).

Accordingly, we affirm the judgment dismissing the complaint.