# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

Argued October 10, 2006          Decided November 3, 2006

No. 05-5038

BRANDON SAMPLE,
APPELLANT

v.

BUREAU OF PRISONS,
APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 03cv00805)

---

*Craig E. Estes*, appointed by the court, argued the cause as *amicus curiae* for appellant. With him on the briefs were *William M. Hohengarten* and *David W. DeBruin*, appointed by the court.

*Brandon Sample*, pro se, filed briefs for appellant.

*Megan L. Rose*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney at the time the brief was filed, and *R. Craig Lawrence*, Assistant U.S. Attorney. *Michael J. Ryan*, Assistant U.S. Attorney, entered an appearance.

Before: SENTELLE, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* SENTELLE.

SENTELLE, *Circuit Judge*: Brandon Sample, an inmate at a federal correctional facility, appeals the entry of summary judgment in favor of the Bureau of Prisons ("BOP") on his claim under the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"). Pursuant to 1996 amendments to FOIA that directed agencies to provide records in the format requested, Sample requested a large number of BOP documents in electronic format. BOP provided them as paper copies only, citing prison regulations that restrict inmates' possession of or access to electronic media. On cross-motions for summary judgment, the district court held that BOP had fulfilled its obligations under FOIA and entered summary judgment in its favor. Because we conclude that the statutory language unambiguously requires the records to be provided in electronic format, we reverse and remand to the district court with instructions to enter judgment in favor of Sample.

## I.

Sample is incarcerated in a federal prison. He requested, under FOIA, a number of records from BOP's files, specifying that the records were to be in an electronic format. Receiving no response, he filed a complaint in the United States District Court for the District of Columbia. BOP claimed it had never received the request and promptly provided paper copies of all the records. Sample was dissatisfied, however, and continued to press his claim for the same records in electronic format.

On BOP's motion, the district court granted summary judgment. The court concluded that providing the records in

electronic format would violate BOP security policies. Those policies limit inmates' access to computer disks, CD-ROMs and computer terminals in an effort to prevent unsupervised communication with persons outside the facility, and to protect the integrity of BOP's computer systems. Similarly, given that BOP cannot continually supervise inmates' possession of material items, the policies prohibit their personal possession of removable media. Since those policies would be violated if BOP were ordered to provide Sample's records in electronic format, the district court held that BOP satisfied its FOIA obligation by providing the documents in paper format. Sample's cross-motion for summary judgment was denied. Sample timely appealed the district court's decision, and this Court appointed amicus curiae in support of Sample.

## II.

This Court reviews de novo the district court's grant of summary judgment in favor of an agency in a FOIA case. We must determine whether the facts, viewed in the light most favorable to the requester, present any genuine issue of material fact. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994).

### A.

FOIA requires federal agencies to release certain documents in response to requests from the public. It states that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A). In 1996, Congress amended the definition of "record" to include electronic records. Electronic Freedom of Information Act

Amendments of 1996, Pub. L. 104-231, 110 Stat. 3048, 3049 (codified as amended at 5 U.S.C. § 552(f)(2)). The amended version also directs agencies to provide records in the format specified by the requester: "In making any record available to a person under this paragraph, an agency shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).

BOP argues that providing the documents in paper format satisfied its obligations under FOIA because Sample, pursuant to BOP security regulations, could not *receive* the records in electronic format. As a result, with respect to Sample, the records were not "readily reproducible" in that format. BOP's determination as to reproducibility, moreover, must be accorded "substantial weight" by the reviewing court. *Id.* § 552(a)(4)(B) (directing courts reviewing the withholding of records to "accord substantial weight to an affidavit of an agency concerning the agency's determination as to technical feasibility . . . and reproducibility").

Under any reading of the statute, however, "readily reproducible" simply refers to an agency's technical capability to create the records in a particular format. No case construing the language focuses on the characteristics of the requester. *See, e.g.*, *TPS, Inc. v. U.S. Dep't of Defense*, 330 F.3d 1191, 1195 (9th Cir. 2003) (interpreting "readily reproducible" as referring to technical capability); *see also, e.g.*, *Carlson v. U.S. Postal Serv.*, 2005 WL 756573, at *7 (N.D. Cal. 2005) (holding that "readily reproducible" in a requested format means "readily accessible" by the agency in that format); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 63 (D.D.C. 2003) (construing "readily reproducible" as the ability to duplicate).

Under the only plausible reading of "readily reproducible," there is no dispute as to BOP's ability to reproduce the records electronically. BOP has conceded as much by offering to provide the records in electronic format to Sample's non-inmate designee. Thus BOP's reliance on the "readily reproducible" language is misplaced. There is a clear statutory obligation to produce the records in electronic format when that format is requested.

It is true that case law construing the statute before the 1996 amendments supports BOP's position that format requests need not be honored. Several circuits, including this one, held that an agency satisfied its obligations under FOIA by providing records in *any* format. In *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 70 (D.C. Cir. 1990), this Court held that FOIA was satisfied when an agency, rather than provide the individual records directly to the requester, made all of the potentially responsive records available in a public reading room for the requester to search himself. *Oglesby* relied on *Tax Analysts v. U.S. Dep't of Justice*, 845 F.2d 1060, 1065 (D.C. Cir. 1988), in which we noted that "an agency need not respond to a FOIA request for copies of documents where the agency itself has provided an alternative form of access." These cases established that providing some form of access – even if not the exact one sought by the requester – was sufficient to discharge an agency's obligations under FOIA. *Id.*

BOP argues that this principle was recently reaffirmed, notwithstanding the 1996 amendments, in *Martinez v. Bureau of Prisons*, 444 F.3d 620 (D.C. Cir. 2006) (per curiam). In that case, an inmate sued under FOIA to obtain paper copies of his presentence investigation reports ("PSRs") that he could keep in his cell. *Id.* at 621. BOP refused to provide them, citing its policy prohibiting inmates from retaining copies of their PSRs in their cells, but it did permit Martinez to view and take notes

on the documents. *Id.* at 625. Relying on pre-1996 cases, this Court held that since Martinez was "afforded a meaningful opportunity to review his PSRs and to take notes on them," FOIA did not entitle him to retain a copy of them. *Id.* We noted that prison administration – particularly as reflected in policies driven by safety concerns – ought not be subject to judicial second-guessing. *Id.*

BOP relies on *Martinez* for the proposition that FOIA, even after the 1996 amendments, does not require it to provide Sample's documents in electronic format because he was given the same records in paper copy. This reading of the case, however, is too broad. *Martinez* did not construe the "form or format" requirement at all because format – in the sense of paper documents or electronic data – was not at issue. Rather, our holding in *Martinez* was limited to whether FOIA required BOP to permit an inmate to possess records in his cell, an issue that was unaffected by the 1996 amendments. Therefore, *Martinez* is not applicable here.

**B.**

We note, however, that Sample's reading of BOP's obligations under FOIA is also too broad. Sample argues that BOP not only must provide the records in electronic format, but also must facilitate Sample's ability to *access* them in the requested format. That is, Sample argues that FOIA entitles him to view the records on a computer, notwithstanding BOP's asserted policy prohibiting or restricting inmates' access.

Policies enacted pursuant to BOP's statutory mandate to administer the nation's prisons are entitled to great deference. *See Martinez*, 444 F.3d at 625 (citing *Bell v. Wolfish*, 441 U.S. 520, 531 (1979); *Procunier v. Martinez*, 416 U.S. 396, 405 (1974)) (noting that "a court would be loath to second-guess"

policies that "reflect[] a judgment regarding prison administration"). Whether the policy asserted here trumps BOP's obligations under FOIA, however, is not before us. In this case, BOP performs two roles with respect to Sample: FOIA respondent and custodian of inmates. We have already concluded that BOP, as FOIA respondent, must provide the records in the form or format requested. The FOIA case is resolved. BOP's role as custodian in receipt of electronic records intended for an inmate, by contrast, only comes into play after the FOIA request has been completed. Since we cannot pass on conduct that may or may not occur after BOP provides these records, questions of access or possession are not before this Court. Once BOP, in its role as FOIA respondent, has provided the records in electronic format, its FOIA obligation is complete. If BOP – in its role as Sample's custodian – then decides to limit or prohibit access to the material, any question raised by that decision is not before us.

## III.

Since the records sought by Sample are "readily reproducible" under the statute, BOP must produce them in electronic format. The district court's grant of summary judgment in favor of BOP is reversed, and the case is remanded to the district court with instructions to enter judgment in favor of Sample.

*So ordered.*