# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 09-40159
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 10, 2010

Lyle W. Cayce
Clerk

TERESA FLORES, as executrix of the Estate of Hector Flores, substituted in place and stead of Hector Flores, deceased,

Plaintiff-Appellant

v.

JOHN FOX, Warden; GONZALEZ, Captain; G MALDONADO, JR., Regional Director; TERRY STACHER, Unit Manager; SWAIN, Special Investigative Supervisor; NYLON, Counselor; RUSSO, Special Investigative Supervisor; B WRIGHT, Counselor; ARSINGER, Counselor; SUTTON, CMC,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-285

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Flores,[1] federal prisoner # 45506-080, proceeding pro se and in forma pauperis (IFP), filed this civil rights complaint against numerous federal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Teresa Flores, Hector Flores's sister, was substituted as the appellant upon Hector's death.

prison officials employed at the federal prison in Beaumont, Texas, alleging that the defendants have willfully and intentionally failed to maintain an accurate prison file on him, resulting in adverse effects. The district court construed Flores's civil action as filed pursuant to the Privacy Act, 5 U.S.C. § 552a, and dismissed his complaint for failure to state a claim upon which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). The district court determined that under the Privacy Act, a prisoner was not entitled to injunctive relief to correct allegedly inaccurate records and that a civil action under the Privacy Act could be brought against an agency, but that individuals were not liable for damages.

Flores argues that the district court erred in dismissing his complaint for failure to state a claim. For the first time on appeal, Flores alleges facts underlying an Eighth Amendment claim for failure to protect and deliberate indifference, which is the subject of separate litigation in *Flores v. Lappin*, No. 1:08-cv-202. Flores argues that he should have been allowed to amend his complaint. Flores also argues that he was denied due process and that he had a liberty interest in his custodial classification. He states that his lawsuit seeks correction of his prison records and monetary damages from the individual defendants who have caused him irreparable mental and physical harm.

Under § 1915(e)(2)(B)(ii), a district court must dismiss a prisoner's IFP civil rights complaint if it determines that the action fails to state a claim upon which relief may be granted. *See Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A dismissal for failure to state a claim is reviewed de novo. *Id.*

Flores's claim for injunctive relief to correct his prison records, even if he could amend to state a claim, is mooted by his death. *See Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (holding that death of prisoner mooted claim for injunctive relief seeking modification of prison policy); *Copsey v. Swearingen*, 36 F.3d 1336, 1339 n.3 (5th Cir. 1994) (stating that claims for injunctive and declarative relief mooted by death).

2

The district court properly dismissed Flores's claims for damages against the individual defendants because only agencies may be sued under the Privacy Act. *See Connelly v. Comptroller of the Currency*, 876 F.2d 1209, 1215 (5th Cir. 1989). An amendment to name the agency as the proper defendant would have been futile because in 2002, the BOP promulgated regulations exempting its Inmate Central Records System from § 552a(e)(5) and from § 552a(g), the civil remedies provision. *See* 28 C.F.R. § 16.97(a)(4), (j); *see also Martinez v. Bureau of Prisons*, 444 F.3d 620, 624 (D.C. Cir. 2006) (affirming dismissal of Privacy Act claim for damages because records exempt from accuracy provisions).

Flores's constitutional claims under the Eighth and Fifth Amendments against the individual federal employees are properly construed as claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Flores alleged the facts underlying his Eighth Amendment claim for deliberate indifference for the first time in his appellate brief. These facts form the basis for his Eighth Amendment claim in his separate lawsuit in *Flores v. Lappin*. New claims not raised in the district court need not be addressed for the first time on appeal. *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006). Thus, we do not address Flores's Eighth Amendment claim.

As for his Fifth Amendment due process argument, Flores mentioned the Fifth Amendment generally in his complaint. In his objections to the magistrate judge's report, he did not complain that the magistrate judge had failed to address his Fifth Amendment claim. Review is for plain error because Flores did not object to the magistrate judge's report on this basis, despite having been warned that the failure to object would result in plain error review of his contentions on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc). Given that Flores made a single reference to the Fifth Amendment in his complaint without further elaboration of the facts and failed to mention his Fifth Amendment claim in his objections, Flores has

not shown an error that is clear or obvious. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The district court did not err in dismissing Flores's complaint for failure to state a claim. *See Black*, 134 F.3d at 733-34.

AFFIRMED.