**Woody VOINCHE, Appellant**

v.

**Barack OBAMA, President, et al., Appellees.**

**No. 10–5357.**

United States Court of Appeals, District of Columbia Circuit.

April 1, 2011.

Woody Voinche, Marksville, LA, pro se.

Lindsey Powell, Mark B. Stern, U.S. Department of Justice, R. Craig Lawrence, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: HENDERSON, BROWN, and KAVANAUGH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). Upon consideration of the foregoing, it is

██ **ORDERED AND ADJUDGED** that the district court's order filed September 29, 2010, be affirmed. With regard to appellant's Freedom of Information Act ("FOIA") claims, the district court correctly held that claims against the Executive Office of the President ("EOP") and the Office of Administration of the EOP are properly dismissed because neither is an agency under FOIA. *See United States v. Espy,* 145 F.3d 1369, 1373 (D.C.Cir.1998) ("[I]t has never been thought that the

whole Executive Office of the President could be considered a discrete agency under FOIA."); *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.,* 566 F.3d 219, 224 (D.C.Cir.2009) (concluding the Office of Administration is "not an agency under FOIA."). Likewise, claims asserted against individual defendants are not cognizable under FOIA, so the district court properly dismissed those claims. *See Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C.Cir.2006). The district court also properly granted summary judgment on appellant's FOIA claims against the National Archives and Records Administration ("NARA") and the Council on Environmental Quality ("CEQ"). Appellant failed to counter appellees' evidence regarding the adequacy of NARA's search and appellant's failure to exhaust his administrative remedies before the CEQ. *See Tate v. District of Columbia,* 627 F.3d 904, 908–09 (D.C.Cir.2010); *Oglesby v. Dept. of Army,* 920 F.2d 57, 61–65 (D.C.Cir.1990).

██ The district court properly dismissed claims under the Federal Tort Claims Act and Foreign Intelligence Surveillance Act because appellant completely failed-even after warning from the district court—to respond to appellees' argument that he failed to properly exhaust these claims. On appeal, appellant again fails to address this issue, which provides an independent basis to affirm the district court on these claims. *See World Wide Minerals, Ltd. v. Republic of Kazakhstan,* 296 F.3d 1154, 1160 (D.C.Cir.2002) ("[A] party waives its right to challenge a ruling of the district court if it fails to make that challenge in its opening brief."). The district court also properly dismissed appellant's claims under the Federal Records Act, the Records Disposal Act, the Presidential Records Act, and the Administrative Procedures Act because his complaint fails to

4

state a claim upon which relief can be granted. *See Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C.Cir.2009) (complaint must show "plausible scenario" for relief); *Armstrong v. Bush*, 924 F.2d 282, 290–94 (D.C.Cir.1991) (limiting review under these statutes to circumstances not alleged by appellant). Appellant also fails to state a claim under the Privacy Act. Because a Privacy Act violation is predicated on the maintenance of private information in a group of records "from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual," 5 U.S.C. § 552a(a)(5), appellant's failure to identify such a system of records related to the information sought in his complaint is fatal to his claim.

The district court also correctly dismissed claims alleging violations of criminal statutes because appellant failed to show that 18 U.S.C. §§ 4 or 3504 provide for a private cause of action. *See Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994). And although the Omnibus Crime Control and Safe Streets Act does provide for a private cause of action for criminal wiretapping violations, it specifically exempts actions against the United States. *See* 18 U.S.C. § 2520.

■ The district court's dismissal of appellant's constitutional claims, including alleged claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), was also correct because his complaint's vague claims about alleged harms perpetrated by government agents fail to "suggest a 'plausible' scenario" that " 'sho[ws] that the pleader is entitled to relief.' " *Atherton*, 567 F.3d at 681 (quoting *Tooley v. Napolitano*, 556 F.3d 836, 839 (D.C.Cir.2009)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.