**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-7239**

_____

ZACHARY ADAM CHESSER, a/k/a Abu Talhah,

             Plaintiff – Appellant,

        v.

BARBARA KATENBRINK CHESSER; STACY ANDERSON; LORI BATTISTONI;
MARYSE C. ALLEN,

             Defendants – Appellees,

PAULA MENGES; SEAN KIRGAN; GEORGE PIRO; STEPHEN HEBERT;
FEDERAL BUREAU OF INVESTIGATION; SECRET SERVICE,

             Parties-in-Interest – Appellees.

-----------------------------

LARTEASE MARTRELL TIFFITH, Esq.,

             Amicus Curiae.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Liam O'Grady, District
Judge. (1:13-cv-00129-LO-IDD)

_____

Argued: March 26, 2015                   Decided:  May 1, 2015

_____

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

**ARGUED:** Jason Ryan LaFond, MAYER BROWN, LLP, Washington, D.C., for Appellant. Lowell Vernon Sturgill, Jr., UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees. Lartease Martrell Tiffith, GOLDSTEIN & MCCLINTOCK, Washington, D.C., as Court-Assigned Amicus Counsel. **ON BRIEF:** Joyce R. Branda, Acting Assistant Attorney General, Barbara L. Herwig, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zachary Chesser, on behalf of himself, his wife, and his minor child,[1] brought this action against various state and federal officials and agencies, alleging that they violated his constitutional and statutory rights in relation to custody hearings between Chesser, his wife, and his mother. Chesser, a federal prisoner proceeding pro se, filed a complaint of more than 100 pages (and included more than 100 additional pages of attachments) and alleged claims under the Constitution, the Foreign Intelligence Surveillance Act, the Privacy Act, and Bivens v. Six Unknown Named Agents, 403 U.S. 388, 397 (1971). Applying its gatekeeper function under the Prison Litigation Reform Act (PLRA), the district court sua sponte dismissed the complaint as frivolous prior to service. Chesser moved under Federal Rule of Civil Procedure 60(b) for reconsideration and attached a proposed amended complaint. The district court denied the motion and concluded that amendment would be futile because Chesser's complaint failed to comply with Federal Rule of Civil

---

[1] Jaime Smith was also listed as a plaintiff in the original complaint; she is not included in the amended complaint and is not part of this appeal.

Procedure 11(a) and still failed to state viable claims. Chesser noted a timely appeal.[2]

On appeal, and now represented by counsel, Chesser contests the district court's conclusion that his complaint was frivolous and the court's denial of his Rule 60(b) motion and his motion to file an amended complaint. In addition, Chesser specifically argues that two claims—a Bivens claim and a Privacy Act claim—have merit. Having reviewed the parties' filings, and with the benefit of oral argument, we affirm the dismissal of Chesser's original complaint as frivolous and the denial of the Rule 60(b) motion on all but the specified Bivens and Privacy Act claims. We also affirm the denial of Chesser's Rule 60(b) motion as to his Bivens claim, albeit on slightly different grounds than the district court. See Wilson v. Libby, 535 F.3d 697, 704-05 (D.C. Cir. 2008) (Privacy Act precludes Bivens remedy for alleged violation of Fifth Amendment right to privacy); Downie v. City of Middleburg Heights, 301 F.3d 688, 698 (6th Cir. 2002) (finding Privacy Act is a "comprehensive legislative scheme" that precludes additional Bivens remedies).

---

[2] Because the Government had not been served with Chesser's complaint, we invited it to file a brief as an interested party on appeal. We also appointed amicus curiae to argue on behalf of the district court's determination that Chesser's complaint was frivolous.

4

However, we vacate and remand on Chesser's Privacy Act claim against the FBI and Secret Service.[3] The district court did not expressly pass upon this claim in denying Chesser's Rule 60(b) motion,[4] and the Government, which has not yet been served as a party in the district court, requests that the claim be remanded to the district court. See Gov't Br. at 28 ("The district court did not specifically explain why the complaint fails to state a Privacy Act claim . . . [w]e believe that claim should be remanded for the district court to address it in the first instance").

Based on the foregoing, we affirm the dismissal of Chesser's original complaint and the denial of Chesser's Rule 60(b) motion except for the Privacy Act claim. On that claim, we vacate the district court's order and remand with instructions

---

[3] We do not remand Chesser's Privacy Act claims against any individual defendants, however, because the Act only authorizes suit against federal agencies. See 5 U.S.C. §§ 552(a)(4)(B), 552a(g)(1); see also Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006).

[4] The district court denied the Rule 60(b) motion and the motion to file an amended complaint because Chesser's wife failed to comply with Rule 11(a), which requires parties (here, Chesser's wife) to sign pleadings and instructs a court to "strike an unsigned paper unless the omission is promptly corrected." Fed. R. Civ. P. 11(a). Chesser has "corrected" the violation on appeal by affirming that his wife is no longer a party to the action.

5

to permit Chesser to file an amended complaint raising only a Privacy Act claim against the FBI and Secret Service.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED
