# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMIKA UNTURIA PORTERFIELD,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | Civil Action No. 18-1472 (EGS) |
| ) | |
| ARMY REVIEW BOARD AGENCY,  ) | |
| ) | |
| Defendant.  ) | |

## MEMORANDUM OPINION

Plaintiff brought this action to challenge an "unfair decision made at the ABCMR," Compl. at 1, the Army Board for Correction of Military Records. According to plaintiff, the Army twice demoted her, from E-7 to E-6, and from E-6 to E-5. Compl. at 1. She has asked this Court to restore her rank and to award her "back pay . . . in the amount of $556,234." *Id.*

On October 4, 2018, defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8.) On October 15, 2018, the Court issued an order (ECF No. 9) advising the *pro se* plaintiff of her obligation under the Federal Rules of Civil Procedure and the Local Civil Rules of this Court to file an opposition to defendant's motion, and of the consequences of her failure to oppose the motion. The order set a deadline of November 23, 2018 for plaintiff's opposition, and the Clerk of Court sent the order to plaintiff at her address of record. Plaintiff has advised the Court by letter (ECF No. 11) that she would not be responding to defendant's motion. Absent a timely and substantive response from plaintiff, the Court rules on defendant's motion without the benefit of plaintiff's position.

1

Defendant moves to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. Specifically, defendant argues that a plaintiff's claim for monetary damages in excess of $10,000 is subject to the exclusive jurisdiction of the United States Court of Federal Claims, not this federal district court. *See* Mem. in Support of Def.'s Mot. to Dismiss at 4-5. The Court concurs. Where, as here, "[t]he complaint expressly demanded the entry of a judgment including an award of back pay exceeding $10,000[, u]nder the Tucker Act, the Court of Federal Claims . . . ha[s] exclusive jurisdiction over [the] claim." *Palacios v. Spencer*, 906 F.3d 124, 126-27 (D.C. Cir. 2018) (citations omitted). It is plaintiff's initial burden to establish by a preponderance of the evidence that this Court has subject matter jurisdiction over her claim. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Citizens for Responsibility and Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 527 F. Supp. 2d 101, 104 (D.D.C. 2007). This plaintiff does not meet her burden, and the Court will dismiss her claim for damages for lack of subject matter jurisdiction. *See Brown v. Mattis*, No. 16-cv-1025, 2018 WL 6433754, at *5 (D.D.C. Dec. 7, 2018), *appeal docketed sub nom. Brown v. Shanahan*, No. 18-5382 (D.C. Cir. Dec. 31, 2018).

Insofar as plaintiff seeks review of an ABCMR administrative action, defendant moves to dismiss the complaint under Rule 12(b)(6). *See* Def.'s Mem. at 5-6. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plaintiff is proceeding *pro se*, and the Court holds her complaint to a less stringent standard than would be applied to a complaint prepared by a lawyer. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). Even judged by this relaxed standard, plaintiff's complaint falls short. Plaintiff

challenges an ABCMR decision, yet her complaint and its attachments fail to identify the "unfair decision" at issue in this case. The Court is left with vague and conclusory assertions without sufficient factual allegations to state a plausible legal claim. Therefore, the Court grants defendant's motion and dismisses the complaint. *See, e.g., Voinche v. Obama*, 744 F. Supp. 2d 165, 176 (D.D.C. 2010) (dismissing constitutional claims because complaint containing "only vague assertions of purported constitutional violations . . . fail[s] to provide the 'requisite specificity' needed to survive a motion to dismiss"), *aff'd*, 428 F. App'x 2 (D.C. Cir. 2011) (per curiam).

An Order is issued separately.

DATE: February 6, 2019               /s/
                                      EMMET G. SULLIVAN
                                      United States District Judge