NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VINCENT CURTIS CONYERS,**

*Plaintiff-Appellant*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Defendant-Appellee*

---

2022-1778

---

Appeal from the United States District Court for the Eastern District of New York in No. 2:16-cv-00013-RRM-JMW, Judge Roslynn R. Mauskopf.

---

Before STOLL, MAYER, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

## O R D E R

Responding to the court's May 27, 2022, order to show cause, the Department of Veterans Affairs urges dismissal or transfer. Vincent Curtis Conyers argues that this court has jurisdiction to hear his appeal but does not oppose transfer if we determine jurisdiction is lacking.

Mr. Conyers filed a complaint in the United States District Court for the Eastern District of New York alleging

the Department of Veterans Affairs violated the Privacy Act of 1974. The district court ultimately dismissed, and Mr. Conyers now appeals.

Our jurisdiction over final decisions of district courts is circumscribed by 28 U.S.C. § 1295. Under that statute, this court has jurisdiction only over district court cases arising under the patent laws, *see* § 1295(a)(1); civil actions on review to the district court from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C); or certain damages claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C.§ 1295(a)(2). Mr. Conyers's Privacy Act suit, filed in district court, falls outside of that limited jurisdiction.[1] We must also reject Mr. Conyers's argument that this court has jurisdiction under 38 U.S.C. § 7292. Resp. at 3. That statute gives this court jurisdiction only over "a decision of the United States Court of Appeals for Veterans Claims."

---

[1]   Although Mr. Conyers contends that it is "reasonable to construe the essence of [his Privacy Act] claims as being based in part on [the Little Tucker Act,] § 1346(a)(2)," Resp. at 22, "[c]laims brought under statutes, such as the Privacy Act, 5 U.S.C. § 552a(g)(5), that independently confer jurisdiction upon the district court and waive sovereign immunity for money claims against the United States are not deemed to be 'based on' the Tucker Act for the purposes of determining appellate jurisdiction," *Martinez v. Bureau of Prisons*, 444 F.3d 620, 622 (D.C. Cir. 2006). We do not see a basis to interpret Mr. Conyers's claims, which were specifically premised on the Privacy Act, any differently. *See Bias v. United States*, 722 F. App'x 1009, 1014 (Fed. Cir. 2018) (collecting cases noting that claims brought under the Privacy Act do not fall within the ambit of the Tucker Act).

Mr. Conyers is not seeking review of a decision of that court.[2]

When this court lacks jurisdiction, we may transfer to another court, if it is in the interest of justice, where "the action or appeal could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, that court would be the United States Court of Appeals for the Second Circuit.

Accordingly,

IT IS ORDERED THAT:

The appeal and all transmittals are transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Second Circuit.

FOR THE COURT

July 20, 2022                  /s/ Peter R. Marksteiner
    Date                       Peter R. Marksteiner
                               Clerk of Court

---

[2]   Because we lack jurisdiction, we also must decline Mr. Conyers's suggestion that his appeal be treated as a petition for a writ of mandamus. *See Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983) ("The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction.").