Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII DJ2025-063

| DENNIS Y. SÁNCHEZ MARTÍN<br><br>Demandante Apelante<br><br>v.<br><br>LA FORTALEZA<br><br>Demandada Apelada | TA2025AP00292 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2025CV05412 (Sala: 805)<br><br>Sobre: Recurso Especial de Revisión Judicial para el Acceso a Información Pública (Ley Núm. 141-2019) |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto y el Juez Campos Pérez.

Candelaria Rosa, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de octubre de 2025.

Comparece el señor Dennis Y. Sánchez Martín mediante recurso de apelación y solicita que revoquemos la *Resolución* del Tribunal de Primera Instancia, Sala de San Juan, emitida el 12 de agosto de 2025. En dicho dictamen, se desestimó la demanda del apelante por la misma tornarse académica. Por los fundamentos que expresaremos, confirmamos la *Resolución* recurrida.

En síntesis, el caso de epígrafe trata de un recurso especial de revisión judicial para el acceso a información pública. Según el expediente, el 3 de junio de 2025, el señor Sánchez Martín tramitó un correo electrónico a la Oficial de Información de La Fortaleza y le solicitó ver los últimos diez (10) documentos firmados por el Secretario de la Gobernación, el Hon. Francisco Javier Domenech Fernández, en

la oficina de dicho Secretario, al amparo del Artículo 7 de la Ley Núm. 141-2019 (3 LPRA sec. 9917).

Ante la falta de respuesta de la Oficial de Información, el 16 de junio de 2025, el señor Sánchez Martín solicitó al Tribunal recurrido los últimos (10) documentos firmados por el Secretario de la Gobernación y alegó que dicha información no le fue entregado dentro del término dispuesto en la ley. No obstante, el Gobierno de Puerto Rico solicitó la desestimación del recurso especial por este haberse tornado académico dado que Fortaleza le envió el 11 de agosto de 2025, mediante un correo electrónico, la información solicitada al apelante.

Al entregarse esta información, el Tribunal recurrido desestimó el caso por haberse tornado académico. En respuesta, el señor Sánchez Martín solicitó reconsideración al considerar que la controversia no ha perdido eficacia, pues existe un derecho específico reconocido por la Ley 141-2019 a inspeccionar la información en el formato elegido por el solicitante, la cual todavía no se ha cumplido. A esta solicitud de reconsideración, el Tribunal inferior resolvió sin lugar.

Insatisfecho, el apelante recurre ante este Tribunal y alega que el Tribunal de Primera Instancia erró al (1) declarar el caso académico, sin considerar que el derecho reclamado incluía la inspección presencial de los documentos conforme al Artículo 7 de la Ley Núm. 141-2019, *supra*; (2) no reconocer que la entrega parcial, tardía y en formato no solicitado no satisface plenamente el derecho fundamental de acceso a información pública; y (3) no ponderar que persiste una controversia viva y justiciable sobre el cumplimiento efectivo de la Ley Núm. 141-2019, lo cual mantiene el caso dentro de la jurisdicción judicial. En oposición, el Gobierno argumenta que (1) el señor Sánchez Martín

incumplió con los requisitos de formalidad del recurso de apelación; y (2) el Gobierno cumplió con su obligación de presentar la información pública solicitado mediante correo electrónico.

Vale recordar que un caso se convierte en académico cuando durante el trámite judicial ocurren cambios fácticos o judiciales que tornan en académica o ficticia su solución. *Super Asphalt Pavement v. AFI et al.*, 206 DPR 803 (2021) (citando *Amador Roberts et al. v. ELA*, 191 DPR 268 (2014)). Por ello, un caso es académico cuando se trata de obtener un fallo sobre una controversia inexistente o una sentencia que, por alguna razón, no podrá tener efectos prácticos. Íd. (citando a *Amador Roberts et al. v. ELA*, *supra*). A esos efectos, un foro judicial carece de jurisdicción para atender un recurso que adolece de academicidad y tal debe abstenerse de considerar los méritos de ese caso. *Super Asphalt Pavement v. AFI et al.*, *supra* (citando a *CEE v. Dpto. de Estado*, 134 DPR 927 (1993); *Amador Roberts et al. v. ELA*, *supra*).

Ahora bien, los ciudadanos de Puerto Rico poseen un derecho fundamental al acceso a la información pública, por lo cual toda persona podrá examinar el contenido de los expedientes, informes y documentos que hayan sido recopilados por el gobierno de Puerto Rico durante sus gestiones gubernamentales. *Kilómetro 0, Inc. v. Pesquera López*, 207 DPR 200 (2021) (citando a *Trans Ad. de PR v. Junta de Subastas*, 174 DPR 56 (2008); *Ortiz v. Dir. Adm. de los Tribunales*, 152 DPR 161 (2000); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982)). De esta manera, se facilitará la libre discusión de los asuntos gubernamentales y el ejercicio pleno de la libre expresión al amparo de nuestra Constitución. Íd. (citando a *Colón Cabrera v. Caribbean*

*Petroleum*, 170 DPR 582 (2007)). Véase Art. II, Sec. 4, Const. ELA, LPRA, Tomo 1. A pesar de este derecho emanar de la nuestra Constitución, el Tribunal Supremo de Puerto Rico ha reconocido que la política pública de la *Freedom of Information Act* (FOIA) permite a este Tribunal utilizar la jurisprudencia sobre dicha ley como fuente ilustrativa. Véase *López Nieves v. Policía de PR*, 118 DPR 219 (1987); *Soto v. Srio. de Justicia*, 112 DPR 477 (1982).

La información que se solicita debe ser, claro, de naturaleza pública, e incluirá todo documento que se origine, conserve o reciba en cualquier dependencia del gobierno de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos, y que se tenga que conservar permanente o temporalmente como prueba de las transacciones o por su valor legal. Art. 3(b) de la Ley Núm. 5 de 8 de diciembre de 1955 (3 LPRA ant. sec. 1001).[1] Entre estos, se incluye todo documento producido de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos. Íd. Véase, también, *Kilómetro 0, Inc. v. Pesquera López*, *supra*. De manera excepcional, el Gobierno podrá reclamar que se preserve la confidencialidad de cierta información pública si (1) una ley así lo declara; (2) la comunicación está protegida por algún privilegio evidenciario; (3) la divulgación de la información oficial puede lesionar derechos fundamentales de terceros; (4) se trata de un confidente; o (5) es información oficial. *Kilómetro 0, Inc. v. Pesquera López*, *supra* (citando a *Santiago v. Bobb y El Mundo, Inc.*, 117 DPR 153 (1986)).

---

[1] Por la solicitud en controversia haberse presentado el 3 de junio de 2025, antes de entrar en vigor la Ley de Administración y Conservación de Documentos Públicos para el Siglo XXI, Ley Núm. 107-2025, utilizaremos la Ley de Administración de Documentos Públicos de Puerto Rico, Ley Núm. 5 de 8 de diciembre de 1955 (3 LPRA ant. sec. 1001 nota *et seq.*) para fundamentar nuestra determinación.

A esos efectos, el Oficial de Información de una entidad gubernamental deberá producir cualquier información pública para su inspección, reproducción o ambos, a petición de cualquier solicitante, en un término no mayor de diez (10) días laborables. Art. 7 de la Ley Núm. 141-2019, *supra*. Si tal entidad no contesta dentro de este término, se entenderá que ha denegado la solicitud y el solicitante podrá recurrir al Tribunal de Primera Instancia. Íd. A esos efectos, el Oficial de Información cumplirá con los parámetros antes referidos si, según las preferencias del solicitante, (1) hacen la información disponible al solicitante en las oficinas de la entidad gubernamental para su inspección y reproducción; (2) envían información al solicitante por correo electrónico; (3) envían copia de la información por correo federal, siempre y cuando, el solicitante esté dispuesto a pagar por sello y otros costos asociados; o (4) proveen al solicitante una dirección de internet de una página *web* con instrucciones para acceder a la información solicitada. Íd. Todo esto, a su vez, debe cumplir con la política pública de la Ley Núm. 141-2019 del gobierno de Puerto Rico establecer la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de una manera oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros. Íd., sec. 9913.

Similarmente, el FOIA dispone que la agencia deberá producir la información solicitada de acuerdo con las preferencias de forma o formato del solicitante, toda vez que el récord es fácilmente reproducible en tal formato por la agencia. 5 USC sec. 552(a)(3)(B). Véase *Rubman v. USCIS*, 800 F.3d 381 (7mo Cir. 2015). No obstante,

el *Eletronic Freedom of Information Act Amendments of 1996* (E-FOIA), que enmendó el FOIA en su sección 552(a)(3)(B), dispone como política pública mejorar el acceso público a los récords e información de las agencias, además de maximizar la utilidad de los récords y la información recopilada, mantenida, utilizada, retenida y diseminada por el gobierno federal. Véase Ley Púb. Núm. 104-231 (110 Stat. 3048).

La jurisprudencia federal ha definido la "forma" (*form*) referido en la FOIA como el medio de la información solicitada—como lo sería el papel, CD-ROM, microficha y otros—y el "formato" (*format*) como la estructura electrónica del procesamiento, almacenamiento o presentación de la data—por ejemplo, un documento PDF o JPEG. *SAI v. TSA*, 466 F.Supp.3d 35 (D.D.C. 2020) (*Amended Memorandum Opinion and Order*). Por otro lado, *Sample v. BOP*, 466 F.3d 1086 (D.C. Cir. 2006) establece que mientras los documentos solicitados sean razonablemente reproducibles, la agencia deberá proveer dicha documentación en el formato electrónico preferido, aun cuando el solicitante fuera un confinado. Asimismo, para rechazar o incumplir con dicha solicitud—en particular cuando también se solicita una sentencia sumaria en un litigio judicial—una agencia deberá probar que el formato preferido por el solicitante constituiría una interferencia o carga significante, o que no le es posible reproducir fácilmente los récords solicitados en el formato preferido. *SAI v. TSA*, 315 F.Supp.3d 218 (D.D.C. 2018) (*Amended Memorandum Opinion and Order*). Véase, también, *Public.Resource.org v. IRS*, 78 F.Supp.3d 1262 (N.D.Cal. 2015) (*Order on Cross-Motions for Summary Judgment*).

En el presente caso, no advertimos que el Tribunal de Primera Instancia haya errado al desestimar la demanda por la controversia haberse tornado académico. Del expediente se desprende que el apelante recibió la información solicitada mediante correo electrónico. Aunque la Ley Núm. 141-2019 no dispone de más detalles, su equivalente federal y su respectiva jurisprudencia presenta una definición más clara sobre la obligatoriedad de considerar la predilección del solicitante de información pública y a la cual nos acogemos. Es decir, la preferencia del solicitante sobre como recibir información pública se limita a la forma o formato de dicha información, categorizaciones que no incluyen el lugar preferido por el solicitante para inspeccionar o reproducir el récord presentado. Por tanto, ante la entrega de la información solicitada por el apelante, el caso se ha tornado académico y, en efecto, debía desestimarse.

Por los fundamentos expresados, confirmamos la *Resolución* recurrida. Resolvemos sin lugar a la moción de desestimación de la parte apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones